J-S10015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD EDWARD ROSS | : | |
| | : | |
| Appellant | : | No. 2156 EDA 2017 |

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003194-2014

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.: **FILED JUNE 18, 2018**

Ronald Edward Ross appeals *pro se* from the June 1, 2017 order dismissing his PCRA petition without an evidentiary hearing. After thorough review, we affirm.

We glean the facts giving rise to the charges from the preliminary hearing transcript. Sergeant Gary Smith of the Aston Township Police Department located in Delaware County, Pennsylvania, conducts online undercover investigations with the Internet Crimes Against Children Task Force ("ICAC"). In that capacity, he goes to various internet sites and answers ads of individuals looking for younger males. On March 3, 2014, he responded to such a Craigslist post, posing as a fifteen-year-old male named Sam. The exchange turned sexual when the solicitor offered to perform oral sex, and requested that Sam perform oral sex on him in return. The solicitor forwarded photographs of his face to Sam, whom the Sergeant

identified as Appellant. He then sent sexually explicit photographs of himself and asked Sam to reciprocate. After further discussion, Appellant arranged to meet in the parking lot of an ice skating rink on April 7, 2014.

The ICAC task force was deployed to the parking lot at the pre-arranged time. Appellant texted Sam that he was in the area and approaching. Another member of the task force was directly behind Appellant's vehicle as he pulled into a parking lot facing the ice skating rink parking lot. Sergeant Smith recognized Appellant from his photograph and pulled his vehicle next to Appellant's vehicle. The officers took Appellant into custody and transported him to the Aston Township Police station. After **Miranda** warnings were issued, Appellant voluntarily gave a statement that was audio recorded.

Appellant told them that he met Sam on Craigslist, and that he knew Sam was fifteen years old. Appellant was planning to meet Sam in the ice skating rink parking lot. He told the police officers that he intended to perform oral sex, and permit Sam to reciprocate. Appellant initialed printed out copies of the texts he sent to Sam, and he admitted sending the pictures. The officer also verified from Comcast, Appellant's internet provider, that Appellant was the subscriber of the internet address used.

On October 28, 2014, Appellant entered a negotiated guilty plea to criminal solicitation to commit involuntary deviate sexual intercourse with a person under the age of sixteen, unlawful contact with a minor, and criminal use of communication facility. The remaining twelve charges filed against

him were dismissed. He was sentenced to an aggregate term of imprisonment of fifteen to forty years.

At the guilty plea hearing, the Commonwealth represented to the court that all of the original charges, with the exception of criminal use of a communication facility, carried mandatory minimum sentences of twenty-five years imprisonment, due to the fact that it was Appellant's second conviction for a registration offense. The court conducted a guilty plea colloquy during which Appellant acknowledged that, together with counsel, he had reviewed, signed, and initialed the guilty plea statement. *Id*. at 7. He stated that he understood his rights and the offenders' addendum, and verified that he discussed the negotiated plea with counsel and all of his questions had been answered to his satisfaction. The court explained to Appellant what the Commonwealth would have to prove in order to sustain a conviction for each of the offenses, and Appellant pled guilty to each offense. The factual basis for the guilty plea was supplied by the affidavit of probable cause that was made part of the record by stipulation. Appellant advised the court that he was satisfied with his counsel's performance throughout his representation. Based on the written and oral colloquies, the court found Appellant's guilty plea to be knowing, intelligent, and voluntary, and he was subsequently sentenced pursuant to the plea agreement on January 27, 2015.

Appellant did not file a post-sentence motion or a direct appeal. On January 11, 2016, he filed the instant timely *pro se* PCRA petition, and

counsel was appointed. After numerous extensions of time, counsel filed an application to withdraw, and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), which were served upon Appellant. In the no-merit letter, counsel addressed the issues raised by Appellant in his *pro se* petition, to wit, the voluntariness of his plea, the legality of his sentence, ineffective assistance of counsel in inducing guilty plea, and counsel's failure to file a direct appeal.

On May 9, 2017, the PCRA court, following review of counsel's no-merit letter and its own independent examination of the record, granted counsel's application to withdraw. The court also issued Pa.R.A.P. 907 notice to Appellant of its intent to dismiss his petition without a hearing in twenty days. Appellant filed an objection to the Rule 907 notice that focused on alleged deficiencies in the criminal information, which Appellant argued deprived the court of subject matter jurisdiction and failed to apprise him of the nature of the charges. In addition, he alleged that trial counsel was ineffective for failing to file a motion to quash the information, and in advising Appellant to enter a guilty plea, and that PCRA counsel was ineffective for failing to assert this claim of plea counsel ineffectiveness. After a thorough analysis of the issues, and consideration of Appellant's objection to the notice to dismiss, the PCRA court dismissed the petition on June 1, 2017.

Appellant timely appealed and filed an unsolicited Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the PCRA court authored its Rule 1925(a) opinion. On appeal, Appellant presents five issues for our review:

    A. Did the State's Attorney violate Pa.R.Crim.P. 560(B),(5) and (C)?

    B. Was Appellant deprived [of] pre-trial notice of offenses to be pursued at trial, consistent with Pa.R.Crim.P. 560 (D), when the Bills of Information do not cite any law/criminal statute, consistent with three court decisions in this Commonwealth concerning proper citations and Pa.R.Crim.P. 560(C), which also deprived Appellant notice of penalties, all of which was in derogation of the Four Corners Doctrine, and Due Process?

    C. Did the PCRA court err in concluding as a matter of law, that the Bills of Information met the plain and concise statement pursuant to Pa.R.Crim.P. 560(B), (5) and not ruling on proper citation at all, pursuant to Pa.R.Crim.P. 560(C)?

    D. Did the PCRA court err in not applying the Rule of the Last Antecedent, upon review of Pa.R.Crim.P. 560(C) disclaimer to proper citation requisite?

    E. Does Appellant's conviction rest upon entry of non-positive law as evidence, i.e., the Bills of Information defective as they are, and does non-positive law require reversal of conviction to permit Appellant to plead anew, or stand trial, or does non-positive law, become positive law after conviction?

Appellant's brief at v.

In reviewing the denial of PCRA relief, we must ascertain "whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa.Super. 2017). Our scope of review "is limited to the findings of the PCRA court and

the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "We are bound by the PCRA court's credibility determinations so long as they are supported by the record, but we review the court's legal conclusions *de novo*." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014).

On appeal, Appellant has abandoned the claims that he initially raised in his *pro se* PCRA petition. Instead, he pursues issues that he articulated for the first time in his objection to the Rule 907 notice to dismiss. The Commonwealth contends that Appellant's response to the Rule 907 notice, as well as his unsolicited Pa.R.A.P. 1925(b) concise statement of errors, raise "issues that have been waived, are frivolous, or wholly incomprehensible." Commonwealth's brief at 5. It further characterizes as meritless Appellant's claim that counsel should have challenged the criminal information, and insists that such a challenge would not have altered the outcome of the proceedings.

The PCRA court described Appellant's claims as "confusingly generalized and largely indiscernible assertions." Trial Court Opinion, 9/27/17, at 6. It agreed with the Commonwealth that the issues of plea counsel ineffectiveness for failure to challenge the criminal information were waived because they were not raised in the lower court. **See** Pa.R.A.P. 302(a) (providing that issues not preserved in the trial court are waived on appeal). The court found that Appellant did not, "by any fair reading of his

- 6 -

self-represented, collateral filing[,] assert any allegation that the criminal information was in some manner unlawful and/or otherwise invalid." PCRA Court Opinion, 9/29/17, at 9.

Moreover, the PCRA court concluded that Appellant's assertion of these new claims in his objection to the notice to dismiss was improper, as a Rule 907 response is not a petition. *See* Pa.R.Crim.P. 907(1); ***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa.Super. 2012) (holding "the 'second or subsequent petition' language in the PCRA, at the time of its adoption, did not include a response to a notice of intent to dismiss"). The PCRA court noted that the purpose of Rule 907 notice "is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects." ***Id***. Such amendments are only permitted, however, by direction or leave of the PCRA court. ***Commonwealth v. Mason*** 130 A.3d 601, 621 n.19 (Pa. 2015). Appellant did not seek permission to amend his PCRA petition to include these additional claims. Thus, having failed to raise the issues in his PCRA petition, or request leave of court to amend his original petition, the PCRA court found waived all issues regarding trial counsel's treatment of the criminal information. *See* Pa.R.A.P. 302(a).[1]

_____

[1] We note that the trial court granted PCRA counsel's application to withdraw prior to issuing Rule 907 notice of its intent to dismiss the petition without a hearing. The problem with that timing is that the petitioner is deprived of the assistance of counsel at a time when he "bears the onus of informing the PCRA court that he or she seeks to add claims through an amended petition, and, in response, the court shall freely grant leave to amend where doing so
*(Footnote Continued Next Page)*

We agree with the PCRA court that Appellant's allegations of trial counsel's ineffectiveness for failing to challenge the criminal information were waived under Pa.R.A.P. 302(a), since they were not preserved below. Furthermore, the objection to Rule 907 notice was not the proper vehicle in which to raise new issues of trial counsel ineffectiveness. However, the PCRA court found, and we agree, that the response to Rule 907 notice was a viable means of preserving a claim of PCRA counsel's ineffectiveness. **See Commonwealth v. Henkel**, 90 A.3d 16 (Pa.Super. 2014) (*en banc*); **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009) (mandating that petitioner raising allegation of PCRA counsel ineffectiveness do so in response to Rule 907 twenty-day response period). Thus, the PCRA court properly found no waiver with regard to Appellant's claim of PCRA counsel ineffectiveness, and examined whether "PCRA counsel was ineffective in failing to challenge the effectiveness of trial counsel, which requires as a threshold matter that trial counsel was ineffective in the first instance." **Mason**, **supra** at 619. It concluded that plea counsel was not ineffective in failing to challenge an information that complied in all material respects with

_(Footnote Continued)_ ————————

achieves substantial justice consistent with the dictates of Pa.R.C[rim.].P. 905(A)." **Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015). The better practice is to refrain from ruling on counsel's petition to withdraw until the court rules on dismissal of the petition. PCRA counsel would be available to seek leave to supplement the PCRA petition, or to supplement the petition at the court's direction.

Pa.R.Crim.P. 560.[2] The information was signed by the Delaware County District Attorney, and the prosecution was carried on under the authority of the Commonwealth of Pennsylvania. Appellant's name appeared on each page. The information contained the dates of the offenses and the county

---

[2] Rule 560. Information: Filing, Contents, Function, provides in pertinent part:

(A)  After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

(B)  The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

. . . .

(5)  a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint;

. . .

(C)  The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.

(D)  In all court cases tried on an information, the issues at trial shall be defined by such information.

Pa.R.Crim.P. 560.

where they occurred. There were citations to the appropriate sections of the Crimes Code, and, with regard to the offenses to which Appellant pled guilty, the information contained references to the elements of the offenses and the facts. Based on the foregoing, the PCRA court concluded that plea counsel was not ineffective for failing to file a pretrial motion to quash the valid criminal information, and consequently, PCRA counsel was not ineffective for failing to pursue the meritless claim. **Commonwealth v. Kelley**, 136 A.3d 323, 327 (Pa.Super. 2016) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."). Since the PCRA court found no genuine issues of material fact, it dismissed the petition without an evidentiary hearing.

We have examined the criminal information to determine whether the PCRA court's view of its adequacy is supported by the record. Appellant's reliance upon **In Re Appeal of Tenet Health Systems Bucks County, LLC**, 880 A.2d 721 (Pa.Cmwlth. 2005) (finding that appellant could not rely upon a misprint in an unofficial version of the statutes to render his appeal timely), as the basis for his contention that the information contained citations to "non-legal evidence" is misplaced. The criminal information herein contained citations to the official Crimes Code.

Nor do we find any merit in Appellant's claim that the descriptions of the offenses in the criminal information failed to provide him with specific notice of all of the charges, and thus deprived the court of subject matter

jurisdiction. A flaw does not automatically deprive a court of subject matter jurisdiction. ***See Commonwealth v. Khorey***, 555 A.2d 100, 108 (Pa. 1989) (holding that absence of proper signature in information did not divest the court of jurisdiction, especially where defect was curable); ***see also Commonwealth v. Jones***, 929 A.2d 205 (Pa. 2007) (generally discussing subject matter jurisdiction in relation to criminal information). Had counsel challenged the information for lack of specificity of the charges, the Commonwealth could have remedied any deficiency. ***See*** Pa.R.Crim.P. 564 (permitting an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense.)

Finally, Appellant's sole claim of prejudice is that he would not have pled guilty to offenses that the Commonwealth did not properly cite or describe in the criminal information. We agree with the PCRA court that the criminal information sufficiently stated the essential elements of the crimes to which Appellant pled guilty. Thus, there is no "reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Commonwealth v. Wholaver***, 177 A.3d 136, 159 (Pa. 2018). Having failed to demonstrate arguable merit or prejudice from any purported ineffectiveness on the part of trial counsel, Appellant's claim that

PCRA counsel was ineffective for failing to raise that meritless claim necessarily fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18